AO 10
Rev. 1/2011

# FINANCIAL DISCLOSURE REPORT
## FOR CALENDAR YEAR 2011

Report Required by the Ethics
in Government Act of 1978
(5 U.S.C. app. §§ 101-111)

| 1. Person Reporting (last name, first, middle initial)<br><br>Greenberg, Morton I. | 2. Court or Organization<br><br>Circuit Court, Third Circuit | 3. Date of Report<br><br>03/16/2012 |
|---|---|---|
| 4. Title (Article III judges indicate active or senior status; magistrate judges indicate full- or part-time)<br><br>Senior U.S. Circuit Judge | 5a. Report Type (check appropriate type)<br><br>☐ Nomination,    Date<br>☐ Initial    ☑ Annual    ☐ Final<br><br>5b. ☐   Amended Report | 6. Reporting Period<br><br>01/01/2011<br>to<br>12/31/2011 |
| 7. Chambers or Office Address<br><br>219 United States Courthouse<br>402 East State Street<br>Trenton, New Jersey 08608 | 8. On the basis of the information contained in this Report and any modifications pertaining thereto, it is, in my opinion, in compliance with applicable laws and regulations.<br><br>Reviewing Officer_____ Date_____ | |

***IMPORTANT NOTES:** The instructions accompanying this form must be followed. Complete all parts, checking the NONE box for each part where you have no reportable information. Sign on last page.*

## I. POSITIONS. *(Reporting individual only; see pp. 9-13 of filing instructions.)*

☑ NONE *(No reportable positions.)*

| POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|
| 1. | |
| 2. | |
| 3. | |
| 4. | |
| 5. | |

## II. AGREEMENTS. *(Reporting individual only; see pp. 14-16 of filing instructions.)*

☐ NONE *(No reportable agreements.)*

| DATE | PARTIES AND TERMS |
|---|---|
| 1. See Note | State of New Jersey Judicial Retirement System (1987) |
| 2. | |
| 3. | |

| Name of Person Reporting | Date of Report |
|---|---|
| Greenberg, Morton I. | 03/16/2012 |

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see pp. 17-24 of filing instructions.)*

### A. Filer's Non-Investment Income

☐ NONE *(No reportable non-investment income.)*

| DATE | SOURCE AND TYPE | INCOME (yours, not spouse's) |
|---|---|---|
| 1. See Note | Pension from State of New Jersey | $41,082.61 |
| 2. | | |
| 3. | | |
| 4. | | |

### B. Spouse's Non-Investment Income - *If you were married during any portion of the reporting year, complete this section.*

*(Dollar amount not required except for honoraria.)*

☑ NONE *(No reportable non-investment income.)*

| DATE | SOURCE AND TYPE |
|---|---|
| 1. | |
| 2. | |
| 3. | |
| 4. | |

## IV. REIMBURSEMENTS -- *transportation, lodging, food, entertainment.*

*(Includes those to spouse and dependent children; see pp. 25-27 of filing instructions.)*

☑ NONE *(No reportable reimbursements.)*

| | SOURCE | DATES | LOCATION | PURPOSE | ITEMS PAID OR PROVIDED |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Greenberg, Morton I. | 03/16/2012 |

## V. GIFTS. *(Includes those to spouse and dependent children; see pp. 28-31 of filing instructions.)*

☑ NONE *(No reportable gifts.)*

| | SOURCE | DESCRIPTION | VALUE |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

## VI. LIABILITIES. *(Includes those of spouse and dependent children; see pp. 32-33 of filing instructions.)*

☐ NONE *(No reportable liabilities.)*

| | CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|---|
| 1. | Bank of America | Unsecured line of credit | J |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Greenberg, Morton I. | 03/16/2012 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)

[ ] NONE (No reportable income, assets, or transactions.)

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 1. Life Ins. Washington Nat'l Ins. Co | B | Interest | K | W | | | | | See part 8 |
| 2. Life Ins. Pacific Life Ins. Co. | A | Interest | K | T | | | | | See part 8 |
| 3. Life Ins. New York Life Ins. Co. | A | Interest | K | T | | | | | See part 8 |
| 4. Life Ins. Nationwide Life Ins. Co. of Am. | A | Dividend | J | T | | | | | See part 8 |
| 5. Linwood Country Club | | None | J | W | | | | | See part 8 |
| 6. Edison International common stock | B | Dividend | K | T | | | | | |
| 7. Bank of America - Accounts | A | Interest | M | T | | | | | |
| 8. UBS Fin. Serv., Inc. MM Acct. (cash acct.) | A | Dividend | J | T | | | | | See part 8 |
| 9. Franklin New Jersey Tax Free Income Fund | A | Interest | J | T | | | | | |
| 10. Rutherford Bd. of Ed. Bonds | A | Interest | | | Redeemed | 01/18/11 | J | A | |
| 11. Wildwood City Bonds | A | Interest | J | T | | | | | |
| 12. Toms River Bd. of Ed. Bonds | A | Interest | J | T | | | | | |
| 13. N.J. St. Eco. Dev. Bonds | A | Interest | J | T | | | | | |
| 14. Point Pleasant MBIA Bonds | A | Interest | J | T | | | | | |
| 15. Gloucester Twp. Board of Ed. Bonds | A | Interest | K | T | | | | | |
| 16. Dover Twp. Sch. Dist. Bonds | A | Interest | J | T | | | | | |
| 17. Burlington County Bridge Commn. Bonds | A | Interest | | | Redeemed | 09/15/11 | J | A | |

| | | | | | |
|---|---|---|---|---|---|
| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Greenberg, Morton I. | 03/16/2012 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)

☐ NONE (No reportable income, assets, or transactions.)

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 18. Sparta Twp. MBIA Bonds | A | Interest | K | T | | | | | |
| 19. Duke Ener. Corp. Common Stock | A | Dividend | J | T | | | | | |
| 20. Egg Harbor Township Bonds | A | Interest | J | T | | | | | |
| 21. Spectra Energy Corp. Common Stock | A | Dividend | J | T | | | | | |
| 22. Randolph Twp. Sch. Dist. Bonds | A | Interest | J | T | | | | | |
| 23. Bordentown Sch. Dist. Bonds | A | Interest | J | T | | | | | |
| 24. Oakland Sch. Dist. Bonds | A | Interest | J | T | | | | | |
| 25. S. Brunswick Twp. Bonds | A | Interest | J | T | | | | | |
| 26. N.J. St. Eco. Dev. Bonds | A | Interest | J | T | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

| Name of Person Reporting | Date of Report |
| --- | --- |
| Greenberg, Morton I. | 03/16/2012 |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS. *(Indicate part of report.)*

Greenberg, Morton I.

VIII. ADDITIONAL INFORMATION or EXPLANATION

I have the following explanations and information for the report. Paragraph II relating to agreements indicates that I have a pension from the State of New Jersey. This is the same item listed as the pension in paragraph III relating to non-investment income. I am receiving a pension based on early retirement under the New Jersey Judicial Retirement System Act, as I had more than 25 years of public service in New Jersey with more than five years as a Superior Court Judge. In view of my more than 25 years of service, I am also entitled to medical coverage for myself and my wife without charge, which includes reimbursement for Medicare charges. This was administered by Horizon Blue Cross & Blue Shield in 2011, except that the administrator of the prescription drug portion of the coverage in 2011 was Medco Health Solution Inc. of Lexington, Ky. I understand that the State pays the actual cost for the coverage. The benefits also include life insurance and a pension for my wife if she survives me. The amount of the pension for my wife will be based on the salary of a judge of the Appellate Division of the Superior Court as of the time of my death. While I previously believed that the life insurance also is based on the salary of a Superior Court Appellate Division Judge at the time of my death I now realize that the insurance is based on my salary when I retired in June 1987. Both paragraph II and paragraph III request "date." The best date I can give is to explain that I became a Superior Court Judge on December 20, 1973, and served until I retired in June 1987 when I became a judge on the Court of Appeals. I never entered into an individual written contract for the pension but was awarded it under New Jersey law. The same is true for the medical coverage. Thus, the "agreement" has no particular date.

I have shown the value of my life insurance policies, Item VII, lines 1, 2, and 3, because there is a cash surrender value for the policies. While I previously regarded them as not held for investment or the production of income but nevertheless voluntarily listed them, starting with the 2002 report I have reported the policies in accordance with the then new instructions for the Financial Disclosure Report. I have taken the value codes from annual policy statements but note that I do not have information for line 1, Washington Nat'l Ins. Co., previously Bankers Nat'l, from the company for specific cash value. I thus have made my calculation based on my knowledge of the history of the policy. The item for Pacific Mutual at item 2 includes two policies combined. I also have reported a Nationwide Life Ins. Co. of Am. policy at Item VII, line 4, that was not regarded as held for investment or production of income but starting with the 2002 report has been shown as it has a policy value. In 2002 it was shown as Provident Mutual but because of a name change is now Nationwide Life. I have taken the income amounts on the insurance policies from the IRS form 1099 where applicable. Item 3 for New York Life Ins. Co. combines two forms of income for form 1099 purposes, (1) interest and (2) other distributions from pensions, annuities, retirement or profit-sharing, IRAs and insurance contracts. If separated each would have an income value code of A. The policies listed as items 1, 2, and 3 are whole life policies but except for the small policy in item 2 I do not have to make premium payments on them because of accumulated dividends and interest.

I show Linwood Country Club stock at Item VII, line 5, which is not an investment property and produces no income. I probably do not have to show the Country Club stock as it was not held for income but I am voluntarily showing it.

I have not listed as an asset the value of my interest in the New Jersey Judicial Retirement System under paragraph VII, as it was listed under paragraph II and the income from it was listed under paragraph III.

In Item VII, line 7, I list checking and money market accounts, and certificates of deposit with the Bank of America. I have aggregated the information for that bank for the various accounts.

I list the New Jersey Economic Development Authority Bonds twice as an investment, once as paragraph VII, item 13, and once as paragraph VII, item 26, because the two listings are for different bond issues I purchased at different times.

| Name of Person Reporting | Date of Report |
|---|---|
| Greenberg, Morton I. | 03/16/2012 |

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. app. § 501 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.

Signature: **s/ Morton I. Greenberg**

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. app. § 104)

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544